# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING



**FILED**

**Margaret Botkins**
**Clerk of Court**

4:27 pm, 7/21/25

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| vs. | Case Number: L:25-PO-00406-SAH-1 |
| LAUREL K DAVENPORT | |
| Defendant. | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1)   The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2)   The defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing of any change in address and telephone number.

(3)   The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.  The defendant shall next appear at BY PHONE on August 19, 2025 at 2:30pm MTN.

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(4)   The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(5)   The defendant executes an unsecured bond binding the defendant to pay the United States the sum of One Thousand Five Hundred dollars, ($1500.00) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

Order Setting Conditions of Release
L:25-PO-00406-SAH-1

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED the release of the defendant is subject to the conditions marked below:

(6)   The defendant shall:

refrain from any use or possession of alcohol, and any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. §802 unless prescribed by a licensed medical practitioner.  Defendant shall not frequent places where alcohol is sold or dispensed.

submit to testing of blood, breath, urine or saliva upon reasonable suspicion of any law enforcement officer of violation of law or these conditions.

maintain current contact information with the court. Email YNP_DC@wyd.uscourts.gov with any updates.

attend all court hearings.

maintain contact with attorney at direction of the attorney.

be banned from entering Yellowstone National Park during the pendency of this case except to attend in person court hearings.  If the defendant's employment is not terminated, the defendant shall be banned on the date the defendant's employment ends.

not operate any motor vehicles or equipment in Yellowstone National Park.

Order Setting Conditions of Release
L:25-PO-00406-SAH-1

## Advice of Penalties and Sanctions

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror, or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years imprisonment and a $250,000 fine to tamper with a witness, victim, or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____    Mammoth, WY 82190
Signature of Defendant                              City/State/Zip

### Direction to the United States Marshal

- The defendant is ORDERED released after processing.

Dated this 21st day of July, 2025.

_____
Stephanie A. Hambrick
United States Magistrate Judge